NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1557

_____

EDWARD J. GALLEN, ESQUIRE;
ROBERT MILLER, ESQUIRE

Appellants

v.

COUNTY OF CHESTER DISTRICT ATTORNEY'S OFFICE;
CHESTER COUNTY, PENNSYLVANIA

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-03245)
District Judge: Honorable Petrese B. Tucker

_____

Submitted Under Third Circuit LAR 34.1(a)
January 15, 2016

Before: McKEE, Chief Judge, AMBRO, and SCIRICA, Circuit Judges

(Opinion filed: February 29, 2016)

_____

OPINION[*]

_____

AMBRO, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Former Assistant District Attorneys Edward Gallen and Robert Miller sued Chester County and the Chester County District Attorney's Office for age discrimination. The District Court entered summary judgment for Defendants because Gallen and Miller failed to present evidence of pretext. We affirm.

I.

Gallen and Miller began working in the Chester County District Attorney's Office in 2000 and 1988, respectively. In November 2011, a new District Attorney, Tom Hogan, was elected for the County. Hogan had worked with both Gallen and Miller in the past. In December 2011, Hogan asked the District Attorney's Office to prepare termination paperwork for six employees, including Gallen and Miller. In early January 2012, Hogan interviewed all the lawyers in the office and, on January 12, he fired Gallen (age 65) and Miller (age 57). Later that month, Hogan made statements in the press to the effect that he planned to reorganize the District Attorney's Office and establish a "modern" prosecutor's office.

Gallen and Miller sued, alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Pennsylvania Human Relations Act, 43 Pa. C.S.A. § 951 *et seq.* As noted, the District Court granted Defendants' motion for summary judgment against Gallen and Miller on all counts. This appeal followed.

II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction per 28 U.S.C. § 1291. "We exercise plenary review over the District Court's grant of summary judgment" and view the facts "in the light most favorable to

the party against whom summary judgment was entered." *Detz v. Greiner Indus., Inc.,* 346 F.3d 109, 115 (3d Cir. 2003). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

III.

Under the familiar burden-shifting analysis, Gallen and Miller (the employees) must first establish a *prima facie* case of age discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If they do and the District Attorney's Office (the employer) provides a legitimate, nondiscriminatory reason for the employment decision, "the burden of production shifts once again to the employee to establish that the employer's proffered justification of the adverse action is pretextual." *Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009).

In this case, the District Court followed the burden-shifting analysis to the third step and concluded that Gallen and Miller failed to present evidence of pretext. To make a showing sufficient to defeat summary judgment, an employee "must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons . . . or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).

On appeal, Gallen and Miller first argue that there was some evidence from which a reasonable jury could disbelieve the non-discriminatory reasons given for their termination by the District Attorney's Office. That Office alleged that Gallen and Miller

3

were fired because of unsatisfactory job performance, among other things. They argue that a reasonable jury might reject this explanation because Hogan had asked for termination paperwork in December 2011 before he took office and interviewed Gallen and Miller. As the District Court noted, however, Hogan was already familiar with their performance on the job. For example, he was unimpressed with Miller's performance on a murder case on which the two had worked together, and he was dissatisfied with Gallen's responsiveness in cases dating back to Hogan's time in private practice. Moreover, Hogan consulted members of his transition team about Gallen and Miller's job performance and did not finalize his decision until after assuming office and interviewing them. The timing of the firing decision would thus not lead a reasonable factfinder to disbelieve the stated reasons for that decision.

Gallen and Miller also argue that summary judgment was not warranted because there was evidence from which a reasonable jury could conclude that "an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Id.* at 764. They cite Hogan's public statements about creating a "modern" prosecutor's office as evidence of discriminatory animus. But no reasonable factfinder should infer an intent to discriminate in hiring based on age from Hogan's platitude about modernizing the District Attorney's Office.

Gallen and Miller also cite the ages of the attorneys Hogan fired and those he hired as direct evidence of age discrimination. He fired four Assistant District Attorneys in their 50s and 60s and hired five younger attorneys in ages ranging from 27 to 42. While on the surface this has appeal, on digging further we agree with the District Court

4

that this evidence falls short of demonstrating that age discrimination was more likely than not a motivating factor in Hogan's employment decisions. As an important preliminary matter, Gallen and Miller failed to present evidence of the qualifications of the applicant pool from which Hogan selected new attorneys. Without evidence to suggest that Hogan passed over more experienced but older attorneys for these positions, we will not infer discrimination from raw numerical comparisons of the ages of those hired and fired. *See Ezold v. Wolf, Block, Schorr and Solis-Cohen*, 983 F.2d 509, 542-43 (3d Cir. 1992). For instance, we know that two of the new hires had previously served in the District Attorney's Office and had extensive experience prosecuting criminal cases. Finally, two of the new hires were members of the same protected class (those over 40 years old) that was allegedly targeted for discrimination. "While not conclusive, an employer's favorable treatment of other members of a protected class can create an inference that the employer lacks discriminatory intent." *Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 524 (3d Cir. 2003).

*     *     *     *     *

For these reasons, we affirm the decision of the District Court entering summary judgment against Gallen and Miller.